Leave to file GRANTED

*Beryl A. Howell* 6/19/2012
Beryl A. Howell          Date
United States District Judge

MATTHEW SEIDEL
255 G St.
APT A
WASHINGTON, DC, 20024
(304) 777-0615

FILED

JUN 19 2012

Clerk, U.S. District and
Bankruptcy Courts

MATTHEW SEIDEL, IN PRO PER

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALIBU MEDIA, LLC., | ) Civil Action No. 12-00764(BAH) |
| Plaintiff, | ) MOTION TO QUASH SUBPOENA SERVED ) UPON CUSTODIAN OF RECORDS, |
| vs. | ) COMCAST COMMUNICATIONS, LLC., ) AND MEMORANDUM OF AUTHORITIES |
| JOHN DOES 1-14, | ) |
| Defendants | ) |

COMES NOW DOE No. 7 and states as follows:

1.  Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE No. 7 files this Motion to Quash Subpoena served upon Custodian of Records, Comcast Communications, LLC, because the subpoena requires disclosure of protected information, subjects DOE No. 7 to undue burden, and seeks information that is not relevant given Plaintiff's inability to link DOE No. 7 to alleged infringing activity.

2.   Plaintiff filed suit in the United States District Court for the District of Columbia against 14 unnamed DOE defendants who are identified in its Complaint only by internet protocol (IP) addresses.  Plaintiff alleges that these DOE defendants have obtained an adult video in violation of Plaintiff's copyrights.

3.   DOE No. 7 is a resident of the District of Columbia. Comcast Communications, LLC is an internet service provider (ISP) that provides internet service to its customers, including DOE No. 7.  Plaintiff served a subpoena on Custodian of Records, Comcast Communications, LLC, to compel the disclosure of documents to identify the name, address, MAC address, telephone number, and e-mail address of DOE No. 7 so DOE No. 7 can be named as a defendant in Plaintiff's copyright infringement action.  A true and correct copy of the subpoena is attached as Exhibit A.

4.   DOE No. 7 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE No. 7 has personal and proprietary interests.  DOE No. 7 also has standing to move to quash the subpoena to protect reputational interests.  Fed. R. Civ. P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

5. According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. The District Court for the District of Columbia thus lacks personal jurisdiction over any of the DOE defendants at this point, including DOE No. 7.

6. Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference so that it could serve subpoenas on ISPs, such as Comcast Communications, LLC, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its Complaint. On May 14, 2012, District Judge Beryl Howell entered the order attached hereto as Exhibit B permitting service of subpoenas on ISPs. Judge Howell also set a schedule for filing motions to quash either by the ISPs or the DOE defendants. See Exhibit B. This Motion to Quash is timely filed as Comcast Communications, LLC notified DOE No. 7 of the subpoena on June 8, 2012.

7. The Malibu Media, LLC complaint and ex parte request for Expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent

- 3 -
MOTION TO QUASH SUBPOENA
Civil Action No. 12-00764(BAH)

to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that "IP subscribers are not necessarily copyright infringers . . . The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 [hereinafter VPR Internationale Order], attached hereto as Exhibit C. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. Id. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from Comcast Communications, LLC). After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The

downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. Id. This risk of false identification and false accusations through disclosure of the identities of internet subscribers is also present here. Given the nature of the allegations and the material in question, should this Court force Comcast Communications, LLC to turn over the requested information, DOE No. 7 would suffer reputational injury.

8. DOE No. 7 resided in a two story residential structure that had been subdivided into individual sleeping rooms, and common areas. DOE No. 7 was the only one of several persons living in the residential structure that had an internet service provider. His personal computer and internet service connection were maintained in a common lounge area on the second floor of said structure. Any resident in the apartment had access to said personal computer and had ample opportunity to use DOE No. 7's IP address, for any purpose, without detection. The likelihood that an individual other than DOE No. 7 infringed Plaintiff's copyrights is too great to support any correlation between DOE No. 7 and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury to a young man from public exposure and association with the Malibu Media, LLC allegations - even if later

disproven – is too great and presents and undue burden on DOE No. 7 under Fed. R. Civ. P. 45(c)(3)(A)(iv). See <u>VPR Internationale</u> Order at 3.

9. If the mere act of having an IP address can link a subscriber to copyright infringement suits, an extortion risk is also presented. The court in <u>Digital Sin, Inc. v. Does 1-176</u>, 2012 WL 263491 (S.D.N.Y. Jan. 30, 2012), noted it was "concerned with the possibility that many of the names and addresses produced in response to the plaintiff's discovery request will not in fact be those of the individuals who downloaded the movie in question" and that "the risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading obscene movies." Judge Baker articulated similar misgivings in <u>VPR Internationale</u>. See <u>VPR Internationale</u> Order at 3.

10. Additionally, this subpoena should be quashed because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. See <u>Sypass v. United States</u>, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("the reach of a

subpoena issued pursuant to [Fed. R. Civ. P. 45] is subject to the general relevancy standard applicable to discovery under [Fed. R. Civ. P. 26(b)(1)]." The information linked to an IP address cannot give you the identity of the infringer. <u>VPR Internationale</u> Order at 2. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Id. Moreover, even if the information had some small amount of relevance to the claim – which it does not – discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. Fed. R. Civ. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE No. 7 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. As discussed above, however, the burden on defendant is severe. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE No. 7 if allowed to proceed. Good cause exists to quash the subpoena served on Comcast Communications, LLC to compel the disclosure of the name, address, telephone number, MAC address, and e-mail address of DOE No. 7.

11.   FOR THESE REASONS, DOE No. 7 respectfully requests that

this Court quash the subpoena served on Comcast Communications, LLC in this matter.

DATED: June 16, 2012

_____
Matthew Seidel
In Pro Per